UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                Case No. 08-31769
                                                      Chapter 13
ROBERT REES WILKINSON
JEWEL MAE WILKINSON,

    Debtors.

## MEMORANDUM OPINION

    Before the court is the trustee's motion to vacate the order of discharge and thereafter to modify the debtors' plan to administer assets from the debtors' interest in a decedent estate. The debtors oppose the trustee's motion contending that the time for modification of their plan has expired. Upon consideration of the undisputed facts and the parties' respective briefs, the trustee's motion to vacate the order of discharge will be denied.

### Jurisdiction

    The court's jurisdiction over this disputed matter is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because the matter at issue here involves the debtors' discharge and the administration of their bankruptcy estate, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), thereby extending this court's jurisdiction to the entry of a final order or judgment.

### Undisputed Facts

    The debtors commenced this chapter 13 case on September 5, 2008. Their plan was confirmed on December 16, 2008. That plan provided, *inter alia*, for unsecured creditors to receive their pro rata share of $25,000, which is about 12% of the unsecured claims.

    On February 27, 2013, the debtors filed an amendment to their Schedules B and C. Therein, the Wilkinsons disclosed an interest in the decedent estate of Margaret F. Wilkinson valued at $60,958.12. Further, the debtors claimed $3,000

of that amount as exempt.

On April 4, 2013, the trustee filed a notice of completion of plan payments. One day thereafter, on April 5, 2013, the debtors filed a motion for discharge pursuant to § 1328(a). No objections were filed as to the motion for discharge, and an order of discharge entered in these debtors' case on April 29, 2013.

On May 15, 2013, the trustee filed a motion to vacate the order of discharge. Trustee sought to have the discharge order vacated in order to administer additional funds which the debtors received from the above noted decedent's estate. The debtors filed a timely objection to the trustee's motion to vacate the discharge. They argue that under the statute, it is too late to modify their plan. Further, they argue that the inheritance may not be property of the estate.

Conclusions of Law

The sole issue presented here is whether the trustee may modify the debtors' plan once payments under the plan have been completed.[1] The controlling statute provides:

> (A) At any time after confirmation of the plan, *but before the completion of payments under such plan*, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>
> > (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

11 U.S.C. § 1329(a)(1)(Emphasis added).

The trustee contends that the debtors' interest in these inherited funds is not only property of the bankruptcy estate but also represents disposable income, which pursuant to 11 U.S.C. § 1325(b), must be paid under the plan for a 60 month term.[2]

---

[1] The court finds disingenuous the trustee's argument that his motion is solely one to set aside the discharge order and not to modify the plan. The only reason that the trustee is seeking to vacate the discharge order is to, thereafter, modify the plan in order to capture the inherited funds for the benefit of unsecured creditors.

[2] Most courts considering the issue of whether a post confirmation inheritance is property of a debtor's chapter 13 estate under 11 U.S.C., § 1306 conclude that it is. *See In re Carroll*, 2012

Both these contentions, however, have no bearing upon whether a chapter 13 plan may be modified after payments under that plan have been completed.

Although § 1329(a) allows for plan modification upon trustee's request, "it limits the time for modification to the span between the confirmation and completion of payments under the plan." *In re Chancellor*, 78 B.R. 529, 530 (Bankr. N.D. Ill. 1987); *In re Jacobs*, 263 B.R. 39, 43 (Bankr. N.D.N.Y. 2001). Once plan payments are completed, "a motion to modify is time barred." *In re Sounakhene*, 249 B.R. 801, 803 (Bankr. S.D. Cal. 2000). *See also In re Lynn-Weaver*, 462 B.R. 310, 316 (Bankr. D. Mass. 2011)(holding that a plan may not be modified after payments have been completed).

On April 4, 2013, the trustee acknowledged that the debtors had completed plan payments by filing a notice to that affect. Trustee offers nothing here that would authorize the court to vary from the plain words of the statute limiting the span within which a plan may be modified. Further, the court knows of no such authority. For that reason, vacating the debtors' discharge in anticipation of modifying their plan would be fruitless.

Conclusion

For the foregoing reasons and by separate order, the trustee's motion to vacate the order of discharge will be denied.

Done this the 22nd day of August, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors

---

WL 5512356 (Bankr. E.D.N.C. 2012)(collecting cases for the majority holding and those to the contrary). This court, however, need not decide that issue.

In addition, there is no dispute that these inherited funds represent disposable income to the debtors. The trustee correctly sites to *In re Waldron*, 536 F.3d 1239 (11th Cir. 2008) for that proposition. Yet, the issue here is not whether disposable income must be paid under the debtors' plan, but rather, whether the plan may now be modified after payments under the plan have been completed.

Charles N. Gill, Debtors' Attorney
T. David Weston, Debtors' Attorney
Trustee